## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

APEX HR SERVICES, LLC,

      Plaintiff,

v.                                                                    Civil Action No:_____

UNITED STATES OF AMERICA and                          Honorable:_____
INTERNAL REVENUE SERVICE

      Defendant.

---

### VERIFIED COMPLAINT SEEKING TO QUASH SUMMONS

**NOW COMES** Plaintiff, Apex HR Services, LLC ("Apex"), for its Complaint against

Defendants, the United States of America and its agency the Internal Revenue Service

("Service"), alleges:

### PARTIES, JURISDICTION AND VENUE

1.     Apex is a Michigan limited liability company organized and existing under the

laws of the State of Michigan, with its principal place of business at 2701 Troy Center Drive,

Troy, Oakland County, Michigan 48084, which makes it a resident of Michigan.

2.     Defendants are the United States of America and its agency, the Internal Revenue

Service.

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1346.

4.     Venue in the United States District Court for the Eastern District of Michigan is

appropriate and consistent with 28 U.S.C. § 1402.

## COMMON ALLEGATIONS

5.      Apex incorporates by reference paragraphs 1 through 4 as fully set forth herein.

6.      Apex is a professional employer organization ("PEO") that provides third party payroll services to its clients, nationwide. Its activities are managed by Apex Administrative Services, LLC.

7.      On June 20, 2012, the Service issued an administrative summons to Mark Richard, xxxx xxxxxxxxxx xxxxx, West Bloomfield, MI 48xxx. (Exhibit A, Summons).

8.      The Summons is returnable to Revenue Officer Deborah Black by July 20, 2012 at 8:00 a.m.

9.      Aside from the standard boilerplate language contained on all summonses, Ms. Black included an attachment containing additional requirements (Exhibit B, Attachment).

10.     The Attachment states that "This summons requires the production of any and all documents regarding loans and/or lease contracts with APEX ADMINISTRATIVE SERVICES LLC from JANUARY 2012 until the date of compliance with this summons. All types of loans and lease contracts, including (but not limited to) mortgage loans, lines of credit, consumer loans and signature loans, are subject to this summons. Also included in this summons are entities controlled by DINO ROTONDO. Specific documents required include (but are not limited to)"

        a.      Current payoff amount(s)

        b.      Loan and/or lease application(s)

        c.      Promissory note(s)

        d.      Associated Deed(s) of Trust

        e.      Current payment arrangements

        f.     Insurance documents

        g.     Copies of the three most recent forms of payment

        h.     If the loan payments are made via direct debit or electronic withdrawal, please provide the account name, account number and financial institution from where the funds are withdrawn. (Exhibit B).

11.     The correct name of the summoned individual is Dr. Richard Mark, not Mark Richard. Dr. Mark is a substantial investor and secured creditor of Apex.

12.     Prior to receiving this Summons, Dr. Mark was prepared to lend Apex up to $2,000,000 to fund its ongoing business operations, which included payment of taxes, insurance of client companies, and other direct and indirect costs of operation.

13.     Dr. Mark now refuses to increase his investment in Apex as a direct result of the Service's harassment and intimidation from the issuance of the Summons.

## COUNT I – QUASHING OF ADMINISTRATIVE SUMMONS

14.     Apex incorporates by reference paragraphs 1 through 13 as fully set forth herein.

15.     The Supreme Court set forth the standards that the Service must meet to have an enforceable summons. The Service must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already in the Service's possession; and (4) all administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48 (1964).

16.     The Service issued this Summons for illegitimate and abusive purposes as follows:

        a.     It was issued to harass the taxpayer, to put pressure on it to settle a collateral dispute, or otherwise in bad faith. *Powell, supra* at 58.

{35368/1/DT693139.DOC;5}        3

        b.      The Summons was issued to the wrong individual. Apex presumes the Service attempted to summons its investor, Dr. Richard Mark – not Mark Richard.

        c.      The Summons requests documents between Dr. Mark and another entity. This is attempted research of some other taxpayer – not collection of a liability of Plaintiff Apex (i.e. a *Powell* described collateral dispute).

        d.      Loans, leases, and contracts between Dr. Mark and Apex Administrative Services, LLC have nothing in common with the purpose of collecting the tax liabilities of Apex.

        e.      The Summons also asks for any documents regarding contracts between Dr. Mark and any entity controlled by one Dino Rotondo, a further attempt to investigate a collateral dispute, through harassment and intimidation.

17.      The Summons issued is not relevant to the investigation of Plaintiff Apex because:

        a.      Given the vague and excessive amount of information sought, there is no indication of a realistic expectation, but rather a mere idle hope that something may be discovered. *United States v. Arthur Young*, 465 U.S. 805 (1984).

        b.      The Summons states on its face that that the Service is investigating two periods: June 30, 2011 and December 31, 2011, yet, it only seeks information subsequent to January 2012. *United States v. Goldman*, 637 F.2d 664 (9th Cir. 1980).

        c.      There is no assertion as to why any information after January 2012 is relevant or necessary to aid in the collection of the years under investigation.

18.      The Service did not follow the requirements for issuing a summons, as provided by the Internal Revenue Code and case law for at least the following reasons:

          a.      I.R.C. § 7602(c) requires the Service provide advance notice to the taxpayer if it intends to contact third parties regarding the determination or collection of tax. Under I.R.C. § 7602(c), "an officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contact with persons other than taxpayer may be made." *See, United States v. Jillson*, No. 99-14223, 1999 U.S. Dist. LEXIS 17921 (S.D. Fla. October 28, 1999).

          b.      The Service issued this summons for a purpose other than to aid in the collection of Apex's tax liabilities; thus, it was required to follow the special procedures for third party summonses under I.R.C. § 7609, which includes notice to Apex, which was not provided.

      19.      Because the Summons (1) was issued in bad faith; (2) to investigate collateral disputes; (3) is irrelevant to the stated investigation; and (4) fails to comply with federal statutes, the Summons is unenforceable.

      WHEREFORE, Plaintiff Apex prays that the Court enter judgment in its favor and award the following relief:

      (a)      an Order quashing the Summons;

      (b)      costs and attorney's fees for defending against an improper Government action; and

(c)     such other relief as the Court deems just and appropriate.


Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**


By: /s/ *Evan H. Kaploe*
        Robert E. Forrest (P25458)
        Evan H. Kaploe (P75831)
        Attorneys for Plaintiff
        500 Woodward Ave., Suite 2500
        Detroit, MI 48226
        (313) 961-0200

Dated: July 19, 2012

## VERIFICATION

I verify that the facts stated in the Verified Complaint are true and correct to the best of my information, knowledge and belief.

APEX HR SERVICES, LLC

By: Dino Rotondo
Its: Managing Member

Dated:   July 19, 2012

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

APEX HR SERVICES, LLC,

     Plaintiff,

v.                               Civil Action No:_____

UNITED STATES OF AMERICA and        Honorable:_____
INTERNAL REVENUE SERVICE

     Defendant.

---

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2012, I (1) hand delivered and (2) electronically filed

Plaintiff's Verified Complaint, Motion for Preliminary Injunction and/or Temporary Restraining

Order, Proposed Order, Declaration and this Certificate of Service with the Clerk of the Court

using the ECF system, and I hereby certify that I mailed a copy of Plaintiff's Verified Complaint,

Motion for Preliminary Injunction and/or Temporary Restraining Order, Proposed Order,

Declaration and this Certificate of Service via U.S. Mail upon the following:

Eric Holder
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW

Barbara L. McQuade
United States Attorney
Eastern District of Michigan
211 Fort Street, Suite 2001
Detroit, MI 48226

{35368/1/DT693139.DOC;5}

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: /s/ *Evan H. Kaploe*

    Robert E. Forrest (P25458)
    Evan H. Kaploe (P75831)
    Attorneys for Plaintiff
    500 Woodward Ave., Suite 2500
    Detroit, MI  48226
    (313) 961-0200



# Summons

In the matter of  **APEX HR SERVICES LLC, 2701 TROY CENTER DR STE 400, TROY, MI 48084-4741**

Internal Revenue Service (Division):  **SMALL BUSINESS/SELF EMPLOYED**

Industry/Area (name or number):  **SB/SE AREA 2 (22)**

Periods:   **Form 941 for the quarterly periods ending June 30, 2011 and December 31, 2011**

## The Commissioner of Internal Revenue

To:  **MARK RICHARD**

At:  **WEST BLOOMFIELD, MI**

You are hereby summoned and required to appear before DEBORAH BLACK, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT

---

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____          **REVENUE OFFICER, 1000237337**
Signature of IRS Official Serving the Summons                Title

**Business address and telephone number of IRS officer before whom you are to appear:**

1270 PONTIAC RD., PONTIAC, MI  48340-2238  (248) 874-2279

**Place and time for appearance at:**   RESPONSE BY MAIL SUFFICIENT, 1270 PONTIAC RD, PONTIAC, MI  48340-2238

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the  20th  day of  July , 2012  at  8:00  o'clock a  m.

Issued under authority of the Internal Revenue Code this  20th  day of  June , 2012

DEBORAH BLACK _____          **REVENUE OFFICER**
Signature of Issuing Officer                                Title

Digitally signed by Michael DesRosier
DN: cn=Michael DesRosier, o=IRS, ou=SBSE,
email=Michael.E.DesRosier@irs.gov, c=US
Date: 2012.06.20 15:10:31 -04'00'

_____                                          **GROUP MANAGER**
Signature of Approving Officer (if applicable)                Title

**PLAINTIFF'S EXHIBIT**
**A**

Part A -- to be given to person summoned

## SUMMONS ATTACHEMNT

**IN THE MATTER OF: APEX HR SERVICES LLC**

**SUMMONSED PARTY: MARK RICHARD**

This summons requires the production of any and all documents regarding loans and/or lease contracts with APEX ADMINISTRATIVE SERVICES LLC from JANUARY 2012 until the date of compliance with this summons. All types of loans and lease contracts, including (but not limited to) mortgage loans, lines of credit, consumer loans and signature loans, are subject to this summons. Also included in this summons are entities controlled by DINO ROTONDO. Specific documents required include (but are not limited to):

- ➢ Current payoff amount(s)
- ➢ Loan and/or lease application (s)
- ➢ Promissory note(s)
- ➢ Associated Deed(s) of Trust
- ➢ Contract(s)
- ➢ Current payment arrangements
- ➢ Insurance documents
- ➢ Copies of the three most recent forms of payment
- ➢ If the loan payments are made via direct debit or electronic withdrawal, please provide the account name, account number and financial institution from where the funds are withdrawn

Personal appearance is not required if the required records are received by mail by the date specified by the summons.

**Note: "UNDER IRC 7609 (c) (2) (D), THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIREMENTS PERTAINING TO THIRD PARTY SUMMONSES."**

"I hereby certify that I have examined and compared this copy of the summons with original and that it is a true and correct copy of the original."

 Revenue Officer


PLAINTIFF'S EXHIBIT
B
ALL-STATE LEGAL®